In re LYCO TRUCK SALES & SERVICE, INC., Debtor.

LYCO TRUCK SALES & SERVICE, INC., Plaintiff,

v.

Robert M. TURKER, Defendant.

Bankruptcy No. 5-81-00210.
Adv. No. 5-82-0333.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 30, 1982.

William Watt Campbell, Lancaster, Pa., for plaintiff.

Edward H. Owlette, III, Wellsboro, Pa., for defendant.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, Lyco Truck Sales & Service, Inc. (Lyco), commenced suit against Robert M. Turker to collect a deficiency on a debt which was previously owed to International Harvester Credit Corporation (International Harvester). For the reasons

stated herein we abstain from hearing the dispute under 28 U.S.C. § 1471(d).

The defendant purchased a Trailmobile van from Lyco for $17,032.00 on January 3, 1980. In partial consideration for the transfer the defendant granted Lyco a security interest in the vehicle. The debt and the security interest were promptly transferred by Lyco to International Harvester. Lyco filed for relief under Chapter 11 of the Bankruptcy Code on March 17, 1981. Due to the defendant's default on the loan, International Harvester repossessed the vehicle pursuant to the terms of the security agreement. Liquidation of the vehicle failed to produce a sum in excess of the indebtedness. The defendant was informed on November 19, 1981, that the amount of the deficiency was $4,372.07. Thereafter, International Harvester assigned its deficiency claim to Lyco. Apparently the deficiency claim was transferred to Lyco following the commencement of bankruptcy.

The authority of the Bankruptcy Court to abstain from hearing a particular dispute is found at 28 U.S.C. § 1471(d). That subsection states as follows:

> (d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

Subsections 1471(b) and (c) grant the Bankruptcy Court jurisdiction of all civil proceedings arising under or related to cases under title 11, the Bankruptcy Code.

Subsection 1471(d) allows the court to abstain in the interests of justice from exercising jurisdiction in a particular proceeding. We find that the interests of justice compel us to abstain since it is unclear that this court will continue to have jurisdiction over the instant matter during its pendency. This conclusion is based upon the recent U.S. Supreme Court case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon*

the Chapter 11 debtor commenced an action for breach of contract and warranty, as well as for misrepresentation, coercion and duress. A majority of the members of the Court held that the jurisdictional grant of authority in the Bankruptcy Act is unconstitutional and that bankruptcy judges, who do not have the protections of Article III judges such as life tenure and undiminishable salary, cannot adjudicate matters which are essentially the province of state law.

The case at bar falls within the rule of *Marathon*. Lyco's action is essentially a state law action which cannot be heard by judges who do not enjoy the protections afforded by Article III.

Although the Supreme Court stayed its judgment in *Marathon* until October 4, 1982, which was subsequently extended until December 24, 1982, we find that we must decline jurisdiction in the interests of justice since it is unclear that we will continue to have jurisdiction to resolve this matter during the pendency of the action. Rather than have the parties continue before this court, we will abstain and allow the parties to conduct the litigation in a forum which will clearly continue to have jurisdiction to resolve the dispute.